**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ERIC DRAPER,<br><br>                    Plaintiff,<br><br>vs.<br><br>STEINBURG PROFESSIONAL RADIOLOGY SERVIES, LTD.,<br><br>                    Defendants. | Case No. 2:23-cv-00340-CDS-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Eric Draper filed an application to proceed *in forma pauperis* and a complaint. ECF Nos. 1 and 1-1. I have reviewed his filing and now grant his application to proceed *in forma pauperis*. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

**I.      Plaintiff's IFP Application**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed *in forma pauperis* includes a declaration that plaintiff is unable to pay the costs of these proceedings. ECF No. 1 at 1. Plaintiff's application states that he receives $992.00 per month in social security disability. *Id*. Plaintiff states that per month he pays $700.00 for rent and $250.00 for utilities. *Id.* at 2. I grant his application to proceed *in forma pauperis*.

### II. Plaintiff's Complaint

### a. Legal Standard

Since I grant plaintiff's application to proceed *in forma pauperis*, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross the "line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Analysis

Plaintiff brings claims for discrimination under the 1981 Civil Rights Act, discrimination under the Civil Rights Act of 1964, medical negligence, fraud against an U.S. Veteran, failed public accommodations, and discrimination by a medical facility against defendants Steinburg Professional Radiology Services, LTD., "Zach" acting as Steinburg Diagnostic Supervisor, and "Amanda" acting as Steinburg Diagnostic Receptionist. ECF No. 1-1 at 2-3.

Plaintiff disclosed in his complaint that he filed a case involving the same facts and issues. *Id.* at 5. In the Nevada Eighth Judicial District Court (A-22-863191-C) ("State Court Case"), he filed claims on December 28, 2022, for discrimination under the 1964 Civil Rights Act, discrimination in public accommodations, harassment, medical negligence, negligence, breach of contract, deprivation, and fraud against Steinburg Diagnostic Medical Imaging, "Zach" acting as supervisor, and "Amanda" acting as receptionist. Plaintiff initiated the instant case ("Federal Court Case") on March 3, 2023. ECF No. 1-1.

### c. The First to File Rule and Claim Splitting

"[T]he "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed [ ]." *Colortyme Fin. Servs. v. Kivalina Corp.*, 940 F. Supp. 269, 272 (D. Haw. 1996), citing to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007); citing *to Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184, 72 S. Ct. 219, 221, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952). "In a situation such as here, where one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that "[n]ecessarily, an ample degree of discretion,

appropriate for disciplined and experienced judges, must be left to the lower court[ ]." *Adams*, 487 F.3d at 692 citing to *Kerotest Mfg. Co.*, 342 U.S. at 184.

The first-filed rule should not be departed from except in cases of, "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). "The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments, and provides that where there are two competing lawsuits, the first suit should have priority[.]" *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 241 (D. Conn. 2007). "A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams*, 487 F.3d at 686.

A related legal doctrine, called claim-splitting, is a "sub-species" of res judicata. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 19-cv-03345-EMC, 2019 U.S. Dist. LEXIS 174870, at 10 (N.D. Cal. Oct. 8, 2019). The doctrine provides that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits. In *re Personal Web Techs., LLC*, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019). Claim splitting differs from res judicata because it does not require that there be a final judgment. *Adams* at 487 F.3d at 692 (In considering whether a second action is duplicative for purposes of claim splitting, a court borrows from the test for res judicata and analyzes, "whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 487 F.3d at 688.

Plaintiff initiated the State Court Case before this case, so the State Court Case is the first filed case. Plaintiff alleges that the State Court Case is related to the same facts and events regarding the

4

February 10, 2021, incident. When the cases have slightly different claims, allegations, or defendants, the rule against claim splitting still mandates that plaintiff has no right to maintain multiple actions involving the same subject matter.

The Court notes that the causes of action and the listed defendants are not completely identical. For example, plaintiff did bring a claim for fraud against a U.S. veteran against Steinburg Diagnostic Medical in the State Court Case. The facts alleged in each complaint, however, involve the same subject matter. Because the rule against claim splitting forecloses plaintiff's ability to bring separate actions involving the same subject matter, I dismiss this case without prejudice.

Dismissal of this case is appropriate because it serves judicial efficiency. The rule against claim splitting forecloses plaintiff's ability to bring two separate actions involving the same subject matter because it appears that the same issues are either currently pending or could have been pending before another judge.

ACCORDINGLY,

I ORDER that Draper's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Wednesday, July 5, 2023, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if Draper files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on

5

the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 5th day of June 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE